**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Ann Fellows,<br><br>   Plaintiff,<br><br>v.<br><br>Scottsdale OP CO LLC, et al.,<br><br>   Defendants. | No. CV-18-03209-PHX-DLR<br><br>**ORDER** |

  Before the Court is Defendants Scottsdale OP CO LLC, Sante Scottsdale LLC, Sante Operations LLC, and Rachel Uffelman's motion to dismiss or, in the alternative, for summary judgment on Count III of Plaintiff Lee Ann Fellows' complaint. (Doc. 15.) For the following reasons, Defendants' motion is denied.

**I. Background**

  Fellows was hired by Scottsdale OP CO as a Charge Nurse in February 2017. Two months later, the Director of Nursing resigned. Fellows applied for the position but then-Assistant Director of Nursing Uffelman received the promotion instead. Fellows then applied for the Assistant Director of Nursing position that became vacant because of Uffelman's promotion, but she never heard back regarding her application. In Count III of her complaint, Fellows accuses Defendants of refusing to promote her to the Director of Nursing or the Assistant Director of Nursing positions because of her age in violation of the Age Discrimination in Employment Act.

Defendants have moved to dismiss or, alternatively, for summary judgment on Count III for three reasons: (1) Fellows did not include these failure to promote allegations in her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"); even if the EEOC charge included such allegations, the claims are barred because Fellows did not file her charge of discrimination within 300 days of the alleged failure to promote; and (3) to the extent Fellows alleges that she was not promoted to the Assistant Director of Nursing position because of her age, those allegations fail to state a plausible claim to relief because the position was not filled for financial reasons and, therefore, Fellows cannot show that Defendants promoted someone younger than her to that position.

**II. Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, even after accepting the factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party, the complaint fails to state a facially plausible claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). If a motion under Rule 12(b)(6) relies on matters outside the pleadings, the Court must either exclude those extrinsic matters or convert the motion to a motion for summary judgment and provide all parties a reasonable opportunity to present evidence pertinent to the motion. Fed. R. Civ. P. 12(d). If the nonmovant shows by affidavit or declaration, however, that it cannot present facts essential to justify its opposition without further discovery, the Court has discretion to deny or defer consideration of the motion to allow for such discovery. Fed. R. Civ. P. 56(d).

**III. Discussion**

Fellows correctly notes that Defendants' motion cannot be treated as a motion to dismiss because it relies on matters outside the pleadings—specifically, an affidavit from Kerri Cummiskey, Senior Vice President of Operations for Sante Operations LLC, stating that Uffelman was promoted to the Director of Nursing position effective August 1, 2017,

and the Assistant Director of Nursing position has not been filled due to financial reasons.[1] (Doc. 15-1.) On April 23, 2019, the Court issued an order directing Fellows to clarify whether she disputes the August 1, 2017 promotion date and, if so, what evidence she could present to support her position. (Doc. 31.) In response, Fellows explained that she currently is without sufficient information to admit or dispute the promotion date because she has no firsthand knowledge of the date Uffelman was promoted, and she has not yet had the opportunity to conduct discovery into that issue. (Doc. 32.)

Whether construed as a motion to dismiss or as a motion for summary judgment, the Court will deny Defendants' motion because it is premature to make the determinations Defendant asks the Court to make. Defendants filed their motion months before the Court even issued a scheduling order in this case. The parties therefore have not had an opportunity to engage in meaningful discovery that might shed light on the potentially dispositive issues raised by Defendants.

For example, although Fellow's EEOC charge of discrimination does not discuss discriminatory promotion decisions and, in fact, identifies the earliest date of discrimination as March 1, 2018, Fellows offers EEOC intake notes that indicate she complained to the EEOC investigator that she had applied for the Director of Nursing position but Defendants instead hired Uffelman, who had less experience. (Doc. 21-1.) Although Defendants criticize Fellows for citing no authority that these intake notes may be considered to determine the scope of a claimant's EEOC charge of discrimination, the notes at the very least suggest that discovery might reveal more information about Fellows' complaints to the EEOC beyond what is reflected in the actual charge form. Defendants also argue that these notes cannot be considered on summary judgment because they are

---

[1] Defendants also rely on a copy of Fellows' EEOC charge of discrimination. (Doc. 15-2.) The Court may take judicial notice of the EEOC charge without converting a motion to dismiss to a motion for summary judgment because it is an administrative record, Fellows complaint necessarily relies on her charge of discrimination (for example, she alleges that she exhausted her administrative remedies), and Fellows has not disputed the authenticity of the charge itself—she merely cites to other evidence indicating that she notified the EEOC of a broader range of perceived discriminatory treatment than reflected in the charge document. *See Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 904 n.3 (N.D. Cal. Nov. 7, 2013) (taking judicial notice of EEOC charge).

not authenticated, but this only highlights why it is too early to resolve this issue. Fellows is entitled to an opportunity to conduct discovery and present whatever evidence she might find that she properly presented this issue to the EEOC before filing suit in this Court.

The Court also declines to accept as true Cummiskey's statement that Uffelman's promotion was effective August 1, 2017. Fellows has not had the opportunity to conduct discovery into this issue, and she explains that she has no firsthand knowledge of the effective date of Uffelman's promotion. Fellows is entitled to conduct discovery before she is asked to admit or deny this fact.

Relatedly, Defendants contend that Fellows cannot state an age discrimination claim based on her application for the Assistant Director of Nursing position because the position has been left unfilled for financial reasons. Defendants again rely on Cumminskey's affidavit for this information. The Court declines to conclude as a matter of law that Fellows cannot state an age discrimination claim based on her application for an unfilled position. It is possible, for example, that Defendants have not filled the position because they are waiting for a younger qualified applicant to apply. At this early, pre-discovery stage, the Court declines to accept as true Cummiskey's statement that the position remains vacant for financial reasons. Fellows is entitled to conduct discovery into the veracity of that stated reason.

Of course, none of this is to say that Count III is timely, or that Fellows properly raised these allegations in her EEOC charge of discrimination, or that Defendants' reason for not filling the Assistant Director of Nursing position is pretextual. The Court merely finds that it is not appropriate to resolve these potentially dispositive issues before Fellows has had the opportunity to conduct discovery. Accordingly, although the Court denies Defendants' motion, nothing in this order precludes them from renewing these arguments in a motion for summary judgment after the parties have completed discovery.

//
//
//

**IT IS ORDERED** that Defendants' motion to dismiss or, in the alternative, for summary judgment on Count III (Doc. 15) is **DENIED**.

Dated this 1st day of May, 2019.

_Douglas L. Rayes_
United States District Judge